**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

KAREN J. HINKSON                              :
                                              :
                                              :
                                              :
         Plaintiff,                           :
                                              :   Civil Action No. 08-1377 (JAP)
    v.                                        :
                                              :
COMMISSIONER OF                               :
SOCIAL SECURITY                               :   **OPINION**
                                              :
         Defendant.                           :
---                                           :

PISANO, District Judge.

Presently before the Court is a motion by Plaintiff, Karen Hinkson ("Plaintiff"), for Attorney's Fees after obtaining a fully favorable decision against the Commissioner of the Social Security Administration ("Commissioner") in which she was awarded Social Security benefits and Supplemental Security Income benefits. Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction over this matter. For the reasons expressed below, Plaintiff is a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(a), and the Commissioner was not substantially justified in his opposition to remand the matter. Therefore, Plaintiff is entitled to attorney's fees.

I. **Procedural History**

On February 22, 2006, the Administrative Law Judge ("ALJ") held that Plaintiff did not meet the requirements for mental retardation[1] and Plaintiff was not entitled to benefits. Plaintiff unsuccessfully requested a review of the ALJ's decision by the Appeals Council, leading to an appeal in this Court. During the appeal to this Court, Plaintiff submitted new evidence containing medical and school records regarding her development before the age of twenty-two. In light of the new evidence, Plaintiff moved this Court to remand the case back to the ALJ. The Commissioner believed that this new information did not change the record—that Plaintiff would still not be considered disabled, even with the new evidence. He therefore submitted an opposition to Plaintiff's motion.

This Court granted Plaintiff's motion to remand holding that Plaintiff had good cause for failure to include the evidence and this evidence could have impacted the ALJ's initial decision. Upon consideration of the new evidence, the ALJ ultimately concluded that Plaintiff was eligible for Social Security and Supplemental Security Income benefits. Plaintiff now requests that as a "prevailing party" under 28 U.S.C. 2412 (d)(1)(a), she is entitled to attorney's fees for all work performed by her counsel before this Court to date.

I. **Factual History**

On February 22, 2006, the ALJ initially rendered a decision against Plaintiff, holding that she did not meet the criteria under 12.05C, 20 C.F.R. Part 404, Subpt. P App. 1, §12.05C, for mental retardation and therefore was not entitled to Social Security or Supplemental Security Income benefits. Defendant's Opposition to Attorney's Fees (Def. Opp.) 3. According to the ALJ, the

---

[1] 20 C.F.R. Part 404, Subpt. P App. 1, §12.05. Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

2

record lacked evidence that showed Plaintiff's significant deficits in adaptive functioning. *Id*. Specifically, the ALJ determined that Plaintiff did not meet the diagnostic definition of mental retardation which requires significant deficits in adaptive functioning before the age of twenty-two. *Id.*

In the record ("T.") were medical reports from Dr. Figurelli and Dr. Mangel. (T. 141, 186, 187.) On April 22, 2003, Dr. Figurelli reported that Plaintiff had great difficulty with expressive speech and speech articulation, difficulty containing saliva in her mouth, and consequent drooling. (T. 141, 186.) Further, he diagnosed her with borderline intellectual functioning. *Id*. Dr. Mangel reported on December 8, 2004 that Plaintiff had a significant speech impediment and poor recollection of her younger academic training. (T. 187.) Dr. Figurelli concluded that Plaintiff's difficulties around age two were the direct result of organic damage that occurred as the result of choking and loss of an adequate supply of oxygen to the brain. (T. 141.)

The ALJ based his decision on her work history when concluding that Plaintiff was not eligible for benefits. Def. Opp. 3. Regardless of Plaintiff's IQ scores and articulation impairment, the ALJ concluded that Plaintiff's adaptive functioning was not significant because she worked for 25 years, and therefore she did not meet the listing of the mental retardation requirement under 12.05C. *Id.* Plaintiff worked as a mail clerk and a stock clerk. (T. 223, 229-30.) She obtained the mail clerk position through the intervention of a vo-tech school she attended. (T. 234.) The job was in a structured environment and she always had a supervisor around to answer her questions. *Id.* As a stock clerk, Plaintiff was responsible for stocking shelves. (T. 229.) After stocking for six years, Plaintiff was allowed to sell items, until a new, more advanced cash register arrived and she became confused when trying to process credit cards. *Id.* Lastly, Plaintiff worked as a stock person at a Marshall's department store. (T. 230.)

3

After five years of employment, management attempted to make her an assistant manager. *Id*. Plaintiff could not perform the responsibilities requested of her and was ultimately let go. (T. 231.)

Based on this evidence the ALJ concluded that Plaintiff had the residual functional capacity to perform work at all exertional levels, except for complex or skill work, and work that required good speech articulation. Def. Opp. 6. Consequently, Plaintiff was denied Social Security and Supplemental Security benefits by the ALJ.

While appealing to this Court, Plaintiff came across new evidence that she was unable to obtain previously. Pl. Motion for Remand 3. Her mother had kept some of her medical records and failed to tell Plaintiff she had them. *Id*. This evidence contained school and medical records discussing her condition prior to the age of twenty-two. Pl. Motion for Remand, Ex. 1-5. The ALJ, in light of this new evidence, reversed the initial opinion and held that Plaintiff was entitled to Social Security and Supplemental Security Income benefits.

## II. Legal Standard for Attorney's Fees

Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(a), Plaintiff is entitled to attorney's fees if she is a "prevailing party." Under this Act, attorney's fees should be awarded to a prevailing party in an action by or against the United States, unless the United States can prove that its position was "substantially justified." 28 U.S.C. § 2412(d)(1)(a). "Substantially justified" does not mean "justified to a high degree," but rather "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988). The Commissioner is substantially justified if there is a "genuine dispute," or "if reasonable people could differ as to [the appropriateness of the contested action]." *Id*.

4

Even if the Commissioner did not prevail on the merits, his position may still be substantially justified. *Morgan v. Perry*, 142 F. 3d 670, 685 (3d. Cir. 1998). The Third Circuit has held the Commissioner's position must have "a reasonable basis in both law and fact." *Id.* at 684 (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d. Cir. 1993)). The burden lies on the Commissioner to show that there is substantial justification for its position. *Hanover Potato Prods., Inc.*, 989 F.2d at 128. The Commissioner must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.*

### III. Discussion

The Commissioner was not substantially justified in his opposition to Plaintiff's motion to remand. The Commissioner argues his opposition to Plaintiff's motion to remand was substantially justified because he believed the new evidence would not change the ALJ's decision and further, Plaintiff failed to show good cause for submitting the evidence three years after the ALJ's initial decision. Def. Opp. 6-7. However, the Commissioner was not substantially justified because: (1) there was strong evidence in the initial record indicating that Plaintiff was mentally retarded, (2) there was not a reasonable basis in law for the Commissioner to oppose the remand for further consideration of new material evidence, and (3) there was no reasonable connection between the facts and the legal theory advanced by the Commissioner.

### A. The Original Record Contained Sufficient Evidence Indicating Plaintiff's Impairment Met the Required Criteria for Mental Retardation

The record of the ALJ's initial decision contained sufficient evidence to prove Plaintiff met the Listing of Impairments for Mental Retardation. Under, 20 C.F.R. Part 404, Subpt. P App. 1, §12.05, Mental retardation refers to significantly subaverage general intellectual functioning

with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required severity of this level is met when the following requirements are satisfied: a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Part 404, Subpt. P App. 1, §12.05C.

The evidence in the record before the ALJ's initial decision shows that Plaintiff met the requirements for mental retardation. Plaintiff's IQ of 67 was the result of a full scale IQ test, which was established before the age of twenty two, as evidenced by the medical reports contained in the record. (T. 134.) Further, Plaintiff's employment was never in a position demanding a high functional capacity. (T. 57, 223, 234, 229-31.) Her jobs were in a structured work environment with a supervisor to help her and she was ultimately let go from two of these positions. *Id.* Lastly, there were several reports from doctors agreeing that her impairment began around the age of two after she choked—preventing adequate oxygen to the brain. (T. 186-89.)

Plaintiff's ability to maintain a job for twenty-five years is not indicative of her adaptive functioning. The Commissioner maintains his position that Plaintiff did not meet the listing because of her "strong work history" and therefore she lacked the necessary deficits in adaptive functioning to meet the requirement of the listing. Def. Opp. 2-6. However, Dr. Mangel reported that Plaintiff would "have great difficulty doing well in a training setting… [and] vocationally she might be best suited for a supported employment position with a lot of support in terms of job development and coaching." (T. 188.) In addition, Dr. Figurelli stated that Plaintiff's limitations on her social and occupational functioning were related to her low level of

cognitive functioning, as well as her difficulties with expressive speech and mental status.  (T. 141.)  All of this information was contained in the record before the ALJ's initial decision, allowing him to conclude that Plaintiff's IQ of 67 combined with the limitations on her work related ability, and early onset of the impairment, met the requirements of mental retardation under Section 12.05C.

### B. Plaintiff Demonstrated Good Cause for Failure to Initially Provide Material Evidence

Upon appeal to the District Court, Plaintiff submitted new evidence supporting her position that she met the Listing of Impairments for Mental Retardation.  Under 42 U.S.C. § 405(g) sentence six, a court may order, at any time, new evidence be taken before the Secretary, only if it is shown that the new evidence is material and there is good cause as to why it was not incorporated in the record in the prior proceeding.

Plaintiff's newly obtained evidence was material to the ALJ's decision.  Plaintiff submitted new evidence to this Court containing medical records discussing Plaintiff's cognitive functioning prior to the age of twenty-two.  Pl. Motion for Remand, Ex. 1-5.  These records reaffirmed evidence found in the record prior to the ALJ's initial decision.  The new evidence included examinations of Plaintiff at the age of ten indicating that she displayed signs associated with brain damage: at the age of ten Plaintiff functioned like a normal six year old, Plaintiff repeated the second grade—even though her chronological age placed her in the third grade, and finally Plaintiff was extremely dependent on her home.  *Id*.  Because the evidence confirmed that Plaintiff displayed characteristics of mental retardation before the age of twenty-two, this evidence was material because it could have impacted the ALJ's original decision.

The Commissioner was not substantially justified in his opposition because Plaintiff showed good cause.  Plaintiff's mother, in an attempt to hide the truth of her condition from her daughter, did not turn over all of her daughter's records from when she was a child.  Plaintiff was unaware of the records kept by her mother and she did not receive them until her mother passed away.  Because Plaintiff lacked knowledge of these reports she could not submit them to the ALJ with the other evidence.

This Court ultimately found that Plaintiff showed good cause and the new evidence was material to the ALJ's determination of Plaintiff's cognitive functioning during her developmental years.  Court Order of May 29, 2009.

### C. There was No Reasonable Connection Between the Record and the Defendant's Opposition.

The Commissioner was not substantially justified in his opposition to remand.  Defendant's motion in opposition for attorney's fees simply reargues his opposition to remand—that the new evidence would not have an effect on the decision because Plaintiff had a "strong work history."  The new evidence submitted to this Court included school and medical records containing information of Plaintiff's developmental history before the age of twenty-two, reaffirming evidence in the record that Plaintiff did meet the impairment listing.  Because this new evidence was material and plaintiff showed good cause, under section 405(g), the case should have been remanded to the ALJ, and the Commissioner was not substantially justified in his opposition.

### IV. Conclusion

For the foregoing reasons, the Court concludes that the Commissioner was not substantially justified in his opposition to remand and grants Plaintiff's Motion for Attorney's Fees in the amount of $9,531.21.   An appropriate order accompanies this opinion.

                                                    /s/      Joel A. Pisano
                                                    United States District Judge

Date: March 8, 2011